**CHRISTENSEN JAMES & MARTIN**
DARYL E. MARTIN, ESQ. (Nevada Bar No. 006735)
Email: dem@cjmlv.com
KEVIN B. CHRISTENSEN, ESQ. (Nevada Bar No. 000175)
Email: kbc@cjmlv.com
7440 W. Sahara Ave.
Las Vegas, NV 89117
Telephone (702) 255-1718
*Attorneys for Defendant UNITE HERE HEALTH*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| BENSON & BINGHAM, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT GRIFFITHS; CITY OF LAS VEGAS FIRE & RESCUE; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; RAINBOW INJURY REHABILITATION, LLC; CULINARY HEALTH FUND; STARLIGHT COLLISION, LLC<br><br>Defendants, | Case No.<br><br>**DEFENDANT UNITE HERE HEALTH'S NOTICE OF REMOVAL**<br>of State Court Case A-13-693535-C<br>(E.J.D.C. Dept. XIII) |

To: The Honorable Judges of the United States District Court for the District of Nevada

Defendant UNITE HERE HEALTH ("UHH"), also known as the Culinary Health Fund, acting by and through its attorneys, Christensen James & Martin, does hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, *et seq*., and does hereby remove this action from the Eighth Judicial District Court in and for Clark County, Nevada, in which said action is now pending under Case No. A693535, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the right to challenge the sufficiency of service of process and to assert all procedural and substantive challenges, states as follows:

1. Case No. A693535 was commenced by the filing of a Complaint on December 23, 2013. The Complaint lists "Culinary Health Fund" as a defendant.

2. UHH first received a copy of the Summons and Complaint on January 15, 2014. This Petition is timely filed pursuant to the thirty (30) day requirement of 28 U.S.C. § 1446(b).

3. Exhibit "A" attached hereto constitutes a true and correct copy of all state court pleadings possessed by UHH. Consistent with applicable rules, UHH will obtain and will promptly file with this Court copies of all pleadings on file with the state court.

4. In connection with its cause of action, Plaintiff has averred that Defendant ROBERT GRIFFITHS ("GRIFFITHS") received Fifteen Thousand Dollars ($15,000.00) from a tortfeasor or the insurer of a tortfeasor. UHH is one of numerous persons who claim a right to be paid out of the monies that the Plaintiff seeks to interplead. At paragraph 13 of the Complaint Plaintiff alleges that Plaintiff is unable to determine which of the claimants' claims take priority over any other claimant's claim. At paragraph 14 of the Complaint, Plaintiff alleges that it is entitled to interplead the proceeds of the tort settlement.

5. Based on the information found in the Complaint, information found in a written Repayment Agreement dated June 4, 2013 that was executed by GRIFFITHS and by the Plaintiff, and based on UHH's own internal records, UHH has determined that GRIFFITHS received accident benefits under UHH's welfare plan. UHH paid medical expenses in the sum of $10,695.33 for GRIFFITHS relating to the same injuries for which he was compensated by the tortfeasor or the insurer, consistent with the terms of the employee benefit plan administered by UHH, and consistent with the written Repayment Agreement executed on June 4, 2013.

6. This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claim against UHH relates to monies owed by Plaintiff or others to UHH. UHH is a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA"). Plaintiff's claim against UHH requires the interpretation of UHH's ERISA Plan Document, which presents a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which statute authorizes benefit plans, like the one administered by UHH, "to obtain...appropriate equitable

relief...to enforce...the terms of the plan." See *Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.,1999) (ERISA plan regulation is exclusively a federal concern); and see *Parker v. Ross*, 147 F.Supp.2d 1376 (M.D. Ga. 2001) (granting summary judgment to ERISA Plan pursuant to the terms of its Plan Document in an interpleader case that was removed from state court). Although Plaintiff's claim against UHH may be the only claim that presents a federal question, it is proper for this, the United States District Court, to determine all issues presented in this case. See 28 U.S.C. § 1441.

Dated this 16th day of January, 2014.

CHRISTENSEN JAMES & MARTIN

By: */s/ Daryl E. Martin*
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, Nevada 89117
*Attorneys for UNITE HERE HEALTH*

# **CERTIFICATE OF SERVICE**

I am over the age of 18, I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm"). On the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐ ELECTRONIC SERVICE: Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to _____.

☒ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

> Benson & Bingham
> Attn: Joseph L. Benson II, or Israel P. Whitbeck
> 11441 Allerton Park Drive, Suite 100
> Las Vegas, NV 89135

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By: */s/ Natalie Larson*

**Exhibit "A"**

**Exhibit "A"**

CIVIL COVER SHEET  A-13-693535-C
Clark County, Nevada
Case No. _____   XIII

## I. Party Information

Plaintiffs: BENSON & BINGHAM

Attorney: Joseph L. Benson II, Esq. (NV Bar 7276)
BENSON & BINGHAM
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135
(702) 382-9797

Defendants: ROBERT GRIFFITHS; CITY OF LAS VEGAS FIRE & RESCUE; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; RAINBOW INJURY REHABILITATION, LLC; CULINARY HEALTH FUND; STARLIGHT COLLISION, LLC; inclusive,

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)    ☐ Arbitration Exemption Requested

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| ☐ **Landlord/Tenant**<br>   ☐ Unlawful Detainer<br>☐ **Title to Property**<br>   ☐ Foreclosure<br>   ☐ Liens<br>   ☐ Quiet Title<br>   ☐ Specific Performance<br>   ☐ Condemnation/Eminent Domain<br>☐ **Other Real Property**<br>   ☐ Partition<br>   ☐ Planning/Zoning | Negligence<br>☐ **Negligence - Auto**<br>☐ **Negligence - Medical/Dental**<br>☐ **Negligence - Premises Liability**<br>   (Slip/Fall)<br>☐ **Negligence - Other** | ☐ **Product Liability**<br>   ☐ Product Liability/Motor Vehicle<br>   ☐ Other Torts/Product Liability<br>☐ **Intentional Misconduct**<br>   ☐ Torts/Defamation (Libel/Slander)<br>   ☐ Interfere with Contract Rights<br>☐ **Employment Torts** (Wrongful termination)<br>☐ **Other Torts**<br>   ☐ Anti-trust<br>   ☐ Fraud/Misrepresentation<br>   ☐ Insurance<br>   ☐ Legal Tort<br>   ☐ Unfair Competition |
| Probate | Other Civil Filing Types | |
| ☐ **Summary Administration**<br>☐ **General Administration**<br>☐ **Special Administration**<br>☐ **Set Aside Estates**<br>☐ **Probate Trust/Conservatorships**<br>☐ **Other Probate** | ☐ **Construction Defect**<br>☐ **Breach of Contract**<br>   ☐ Building & Construction<br>   ☐ Insurance Carrier<br>   ☐ Commercial Instrument<br>   ☐ Other Contracts/Acct/Judgment<br>   ☐ Collection of Actions<br>   ☐ Employment Contracts<br>   ☐ Guarantee<br>   ☐ Sale Contract<br>   ☐ Uniform Commercial Code<br>☐ **Civil Petition for Judicial Review**<br>   ☐ Other Administrative Law<br>   ☐ Department of Motor Vehicles<br>   ☐ Employer=s Insurance of Nevada | ☐ **Appeal from Lower Court** (also check applicable civil case box)<br>   ☐ Transfer from Justice Court<br>   ☐ Justice Court Civil Appeal<br>☐ **Civil Writ**<br>   ☐ Other Special Proceeding<br>☒ **Other Civil Filing**<br>   ☐ Compromise of Minor=s Claim<br>   ☐ Conversion of Property<br>   ☐ Damage to Property<br>   ☐ Employment Security<br>   ☐ Enforcement of Judgment<br>   ☐ Foreign Judgment - Civil<br>   ☐ Other Personal Property<br>   ☐ Recovery of Property<br>   ☐ Stockholder Suit<br>   ☐ Other Civil Matters |

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

| | | |
|---|---|---|
| ☐ NRS Chapter 78-88<br>☐ Commodities (NRS 90)<br>☐ Securities (NRS 90) | ☐ Investments (NRS 104B)<br>☐ Deceptive Trade Practices (NRS 598)<br>☐ Trademarks (NRS 600A) | ☐ Enhanced Case Mgmt/Business<br>☐ Other Business Court Matters |

12/20/13

Date                                                        Signature of initiating party or representative

Electronically Filed
12/23/2013 10:38:36 AM

CLERK OF THE COURT



1  **COMP**
JOSEPH L. BENSON II, ESQ.
2  Nevada Bar No. 7276
ISRAEL P. WHITBECK, ESQ.
3  Nevada Bar No. 12519
BENSON & BINGHAM
4  11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135
5  (702) 382-9797, telephone
6  (702) 382-9798, facsimile
litigate@bensonbingham.com
7  Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BENSON & BINGHAM, LLC, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| | A-13-693535-C |
| ROBERT GRIFFITHS; CITY OF LAS VEGAS FIRE & RESCUE; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; RAINBOW INJURY REHABILITATION, LLC; CULINARY HEALTH FUND; STARLIGHT COLLISION, LLC; inclusive, | XIII |
| Defendants. | Arbitration Exemption Requested for Equitable Relief |

### COMPLAINT IN INTERPLEADER
(Arbitration Exemption Requested for Equitable Relief)

COMES NOW, Plaintiff, BENSON & BINGHAM, LLC (hereinafter "Plaintiff"), and complains as follows in this Complaint in Interpleader:

1. At all times relevant to this action, Plaintiff is a Nevada Limited Liability Corporation doing business in Clark County, Nevada.

2. Upon information and belief, and at all times relevant to this action, Defendant ROBERT GRIFFITHS (hereinafter "Robert") was and still is a resident of the City of Las Vegas, County of Clark, State of Nevada.

1

202657

3. Upon information and belief, and at all times relevant to this action, all above-named Defendants were and are authorized to do business in the County of Clark, State of Nevada.

4. At all times relevant hereto, particularly on or about February 4, 2013, Defendant Robert was involved a motor vehicle accident on the roadways of Clark County, Nevada, which was caused by tortfeasor, Miriam R. Stevens.

5. At all times relevant hereto, Defendant Robert sustained substantial personal injuries due to the accident.

6. At all times relevant hereto, Defendant Robert, represented by Plaintiff, submitted a claim against Miriam R. Stevens' insurance company and achieved a settlement in the amount of fifteen thousand dollars ($15,000.00).

7. Defendant Robert has incurred legal fees of 44.4% of the gross recovery of any settlement, or in this instance, $6,660.00.

8. Defendant Robert has incurred legal costs in the amount of $1,412.75, excluding any future legal costs.

9. At all times relevant hereto, the outstanding liens and/or amounts owed to the Defendants herein, who provided medical treatment, care and/or coverage to Defendant Robert, is in excess of the remaining funds obtained in the action.

10. At all times relevant hereto, Plaintiff has no interest in the remaining funds.

11. Plaintiff has an attorney's lien on the funds obtained in the settlement, which is greater in right than any claimant claiming any other lien or right to the proceeds in this matter.

12. There is more than one claimant making claim to the remaining funds.

13. Plaintiff herein is unable to determine which of the claimants' claims take priority over any other claimants' claim.

14. Pursuant to NRCP 22 and the case law interpreting the same, Plaintiff is entitled to interplead all remaining money with the Court to determine the rights of the remaining claimants to interplead funds.

15. Plaintiff is willing to deposit the remaining funds by order of the Court to hold in trust until such time as the rights of the claimants to those funds is determined by the Court.

16. Plaintiff is entitled to an order absolving it of any responsibility, duty, liability, or obligation to the Defendants making claim to the interplead funds.

WHEREFORE, Plaintiff, who reserves the right to amend this Complaint consistent with the law and facts, hereby prays as follows:

1. For the Court to issue an order allowing the Plaintiff to interplead the remaining funds with the Court;

2. For an order absolving and forever relinquishing the Plaintiff from any liability to the Defendants, and each of them, for any amounts due and owing whether through a lien, or otherwise, from the proceeds obtained on behalf of Defendant Robert;

3. For any and all further relief necessary to protect the Plaintiff from any claim to the money obtained in the settlement on behalf of Defendant Robert;

4. For any other order or declaration to carry out the purpose of NRCP 22 and the cases interpreting same to protect Plaintiff from any and all liability which may arise from the Defendants, and each of their claims to proceeds obtained on behalf of Defendant Robert.

DATED this _20_ day of December, 2013.

BENSON & BINGHAM

JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276
Attorney for Plaintiff