**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (Nevada Bar No. 000175)
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ. (Nevada Bar No. 006735)
Email: dem@cjmlv.com
7440 W. Sahara Ave.
Las Vegas, NV 89117
Telephone (702) 255-1718
*Attorneys for Defendant UNITE HERE HEALTH*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| BENSON & BINGHAM, LLC, | Case No. 2:14-cv-00086-APG-CWH |
| Plaintiff, | |
| vs. | |
| ROBERT GRIFFITHS; CITY OF LAS VEGAS FIRE & RESCUE; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; RAINBOW INJURY REHABILITATION, LLC; CULINARY HEALTH FUND; STARLIGHT COLLISION, LLC | **DEFENDANT UNITE HERE HEALTH'S ANSWER, CROSSCLAIMS AND COUNTERCLAIMS** |
| Defendants, | |

COMES NOW Defendant UNITE HERE HEALTH, formerly known as Hotel Employees and Restaurant Employees International Union Welfare Fund, and also known as the Culinary Health Fund ("UHH" or "Trust"), acting by and through its attorneys, Christensen James & Martin, and in Answer to Plaintiff's Complaint in Interpleader, originally filed in Clark County, Nevada District Court Case No. A-13-693535-C, hereby admits, denies and alleges as follows:

1. Answering paragraphs 4, 5, 9 and 12 of the Complaint, UHH admits that Defendant ROBERT GRIFFITHS ("Griffiths") incurred expenses (accident benefits) and that UHH, along with other persons, asserts a claim to the monies recovered by Griffiths in connection with a tort claim asserted by Griffiths against Miriam R. Stevens. UHH is presently without sufficient information to form a belief as to the truth or falsity of the balance of the allegations found in said paragraphs, and UHH denies them on that basis.

2. Answering all other paragraphs of the Complaint in Interpleader not specifically identified above, UHH asserts that as to the allegations found in each such paragraph, it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and thereupon generally denies the same.

**AFFIRMATIVE DEFENSES**

1. Pursuant to the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA") the applicable Declaration of Trust under which UHH exists, UHH's Plan Document, its Summary Plan Description, and the written Reimbursement and Subrogation Agreement ("Repayment Agreement") executed by Griffiths and by the Plaintiff on or about June 4, 2013, UHH possesses a first priority lien on the gross proceeds (any and all monies) received by Griffiths or any representative, including the Plaintiff, relating to any injury or illness, the treatment for which UHH paid.

2. UHH is a Taft-Hartley multi-employer employee benefit trust fund and is not an insurer. UHH may not be regulated as an insurer, and is not subject to treatment or regulation as insurer under either state or federal law.

3. UHH's reimbursement and subrogation rights arise under and are consistent with federal law (ERISA). 29 U.S.C. § 1144 preempts all state laws, including statutes, regulations and case law affecting insurers, and such laws cannot be applied to UHH, nor diminish UHH's rights.

4. It has been necessary for UHH to retain the services of its attorneys to respond to the Complaint in Interpleader and to assert its claim to the monies to be interpleaded. UHH is therefore entitled to recover its reasonable attorney's fees and costs incurred.

5. Plaintiff and its client, Defendant Griffiths, have to date refused to acknowledge UHH's first priority lien, and they should not be allowed an award of any attorney's fees or costs from the monies to be interpleaded.

6. To the extent that the proceeds to be interpleaded prove insufficient to fully reimburse UHH, its claim for reimbursement should survive this Action and UHH shall remain entitled to recover all unpaid lien amounts owed to UHH from any other monies received by Griffiths or Griffiths' representative(s) relating to injuries suffered by Griffiths in the October 7, 2012 accident

described in the Amended Complaint and in the Repayment Agreement executed by Griffiths and by the Plaintiff on or about June 4, 2013.

7. UHH informs the Court and all parties that it reserves the right to assert such additional affirmative defenses as may, upon discovery, later be deemed appropriate and applicable.

WHEREFORE, UHH prays this Court that Plaintiff take nothing by virtue of the Complaint; that the first $10,695.33 of the monies recovered by Plaintiff and/or Griffiths in connection with the injuries Griffiths suffered on February 4, 2013, be deposited with the Court; that said sum be disbursed by the Court to UHH, and that UHH be awarded a sum as and for its reasonable attorney's fees and costs incurred herein.

**COUNTERCLAIMS AND CROSS-CLAIMS**

COMES NOW the Counterclaimant, UNITE HERE HEALTH, formerly known as Hotel Employees and Restaurant Employees International Union Welfare Fund ("UHH" or "Trust"), by and through its attorneys, Christensen James & Martin, and for its Counterclaims and Cross-Claims hereby alleges as follows:

**JURISDICTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") § 502(a)(3) [29 U.S.C. § 1132(a)(3)] to enforce the terms of the Trust's ERISA Plan, and for equitable relief.

2. The district courts of the United States have exclusive jurisdiction of UHH's action to enforce the terms of its Plan Document pursuant to ERISA § 502(e)(1) [29 U.S.C. § 1132(e)(1)].

**PARTIES**

3. UHH, is a multiemployer Taft-Hartley employee benefit trust fund and it uses its own assets to pay benefits and is therefore a self-funded "welfare plan" under ERISA §§ 3(1) and 3(37) [29 U.S.C. §§ 1002(1) and 1002(37)], and an "employee benefit trust fund" under the Labor Management Relations Act § 302(c)(5) [29 U.S.C. § 186(c)(5)]. UHH brings this action in such capacity as a trust entity pursuant to ERISA § 502(d)(1) and §§ 502(e)(1) and (2) [29 U.S.C. §§ 1132(d)(1) and 1132(e)(1)].

4. The Trust Agreement, under which UHH exists, authorizes its Board of Trustees to engage in litigation on UHH's behalf. To the extent the Court may determine that a particular fiduciary must be designated by UHH in connection with this action, its fiduciary, Matthew Walker, is so designated, and he brings this action pursuant to ERISA §§ 3(21)(A) and 502(a)(3) [29 U.S.C. §§ 1002(21)(A) and 1132(a)(3)].

5. Defendant/Cross-Defendant ROBERT GRIFFITHS ("Griffiths" or "Participant") engaged Plaintiff/Counterdefendant BENSON & BINGHAM, LLC ("Plaintiff"), a law firm whose owner(s) is a licensed attorney in the state of Nevada, with a principal place of business located in Las Vegas, Nevada. Plaintiff and/or any attorneys practicing law through the Plaintiff, have recovered and now hold certain monies received from third-parties in connection with tort claims asserted by Griffiths ("Settlement Proceeds"). Plaintiff has sought to interplead these same monies in this case.

6. The Plaintiff/Counterdefendant and all Cross-defendants, including Griffiths, assert a right to be paid a sum out of the proceeds of the settlement obtained by Griffiths and the Plaintiff. UHH possesses an enforceable first-priority right of payment such that UHH's claim to the Settlement Proceeds is superior to the claim of any other person. The true names and capacities, whether partnership, individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive, are presently unknown to UHH. Said Defendants are named herein by fictitious names, but may be responsible or liable to UHH by virtue of the actions hereinafter described or actions yet undiscovered, and UHH reserves the right to amend the Complaint to insert any additional charging allegations, together with their true identities and capacities, when the same have been ascertained.

**VENUE**

7. Plaintiff and Griffiths and all other Cross-Defendants may be found in Las Vegas, Nevada, and UHH's Las Vegas health and welfare benefits plan ("Plan") is administered in Las Vegas, Nevada. Therefore, venue is proper in this judicial district pursuant to ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)].

**FACTS COMMON TO ALL COUNTERCLAIMS AND CROSS-CLAIMS**

8. At all times relevant herein, Participant Griffiths was a participant in and a beneficiary under the terms of the Trust's ERISA benefit plan.

9. In 2013 Participant was injured in an accident.

10. Participant retained BENSON & BINGHAM, LLC ("Plaintiff") to represent Participant in a tort claim through which Participant sought to recover money from one or more third-parties, including any uninsured or underinsured motorist carrier with whom Griffiths chose to do business.

11. On June 4, 2013 both the Plaintiff and the Participant executed the Trust's Repayment Agreement, which restates the terms of the Trust's governing Plan Document ("Plan Document") and its Summary Plan Description. By executing the Repayment Agreement, Participant agreed that he and his representatives would cooperate with UHH's right to be repaid for monies it spent to pay medical expenses incurred by Participant, and Participant assigned to UHH all rights to any settlement monies obtained by Participant or his representative(s) (including the Plaintiff), to the extent of benefits paid by UHH.

12. UHH's Plan Document identifies a particular fund of money distinct from the Participant's general assets (specifically, the monies recovered by the Participant from any third-party, which UHH asserts presently remain in the trust account of Plaintiff) and that document further states that UHH is entitled to a particular share of monies to be interpleaded (the amount paid by UHH on behalf of the Participant, or $10, 695.33). The Plan Document rejects application of all equitable defenses, including the make-whole doctrine and the common-fund doctrine. The Plan Document further grants UHH an equitable lien on the monies to be interpleaded, which monies already belong in good conscience to UHH.

13. In connection with the injuries suffered by Participant, UHH advanced payment to medical service providers on Participant's behalf in the amount of $10,695.33.

14. Participant settled Participant's claim(s) relating to the 2013 accident and received money from one or more third-parties, and some or all of the settlement funds remain in the special client trust account of Plaintiff.

15. Despite the terms of the Plan Document and the Repayment Agreement, Participant and Plaintiff have failed to re-pay any sum to UHH.

## COUNTERCLAIM AND CROSS-CLAIM COUNT I

[AGAINST ALL PARTIES - JUDICIAL DECLARATION OF RIGHTS AND ENFORCEMENT OF RIGHTS GRANTED BY THE ERISA PLAN - 29 U.S.C. § 1132(a)(3)]

16. UHH here restates and realleges the allegations contained in Paragraphs 1 through 15 of its Counterclaims and Cross-Claims.

17. UHH seeks the Court's declaration and finding that UHH's first-priority right of payment is superior to all other claims asserted by all other parties to this case. Pursuant to 29 U.S.C. § 1132(a)(3), UHH is entitled to equitable relief to enforce the terms of its ERISA Plan, including, but not limited to reimbursement or restitution, as means of enforcing the provisions of ERISA and the terms of UHH's Plan Document.

18. By refusing to acknowledge UHH's reimbursement right and its first priority lien, by refusing to use the amounts that the Participant recovered to reimburse UHH for the sums it advanced, the Participant or any representative of Participant (including the Plaintiff) have violated the terms of the Plan Document.

19. Because these acts and/or practices violate the Plan Document's terms, the Court should enter an order in restitution or reimbursement enforcing the terms of the Plan Document by requiring Participant and Plaintiff to re-pay the sum of $10,695.33 to UHH using the Settlement Proceeds.

## COUNTERCLAIM AND CROSS-CLAIM COUNT II

[AGAINST ALL PARTIES - CONSTRUCTIVE TRUST / EQUITABLE LIEN]

20. The Trust here restates and realleges the allegations contained in Paragraphs 1 through 19 of its Counterclaims and Cross-Claims.

21. UHH seeks the Court's declaration and finding that under UHH's Repayment Agreement, which the Participant executed, he and his representatives (including the Plaintiff) held the proceeds of any settlement they received relating to the injuries that UHH paid to have treated in trust for the benefit of UHH, notwithstanding other claims to the settlement proceeds.

22. Under the circumstances alleged herein, the Court must recognize a constructive trust and/or an equitable lien on the first $10,695.33 recovered by Participant from third-parties, and the Court should specifically require Participant and Plaintiff (and its employee attorneys) to safeguard and to pay to the Trust such sums as they may have improperly retained, deposited into their own bank accounts, or failed to pay to the Trust, as alleged herein.

**COUNTERCLAIM AND CROSS-CLAIM COUNT III**

[GRIFFITHS AND PLAINTIFF ONLY - BREACH OF CONTRACT - 29 U.S.C. § 1132]

23. The Trust here restates and realleges the allegations contained in Paragraphs 1 through 22 of its Counterclaims and Cross-Claims.

24. Under UHH's Repayment Agreement, which both the Participant and the Plaintiff executed, he and his representatives (including the Plaintiff) automatically held the proceeds of any settlement they received relating to the injuries that UHH paid to have treated in trust for the benefit of UHH.

25. UHH alleges that in willful disregard of the rights of the Trust, Participant and Plaintiff knowingly and willfully refused to honor the terms of the Repayment Agreement, which is a valid and binding contract that the Trust is empowered to enforce.

26. The failure of Participant and Plaintiff to honor the terms of the Repayment Agreement has caused the Trust to sustain harm and Participant and Plaintiff should be ordered to pay $10,695.33 to the Trust out of the monies that Plaintiff and Participant have sought to interplead. Such payment to UHH must be made before payment of any portion of the other claims asserted by any other party.

**COUNTERCLAIM AND CROSS-CLAIM COUNT IV**

[GRIFFITHS AND PLAINTIFF ONLY - BREACH OF FIDUCIARY DUTY - 29 U.S.C. §§ 1002, 1104, 1109, 1132]

27. UHH here restates and realleges the allegations contained in Paragraphs 1 through 26 of its Counterclaims and Cross-Claims.

28. Participant and Plaintiff were and are fiduciaries of the Trust because under the terms of the Trust's Plan Document and under the terms of the Repayment Agreement, they hold monies

for the benefit of the Trust.

29. UHH's governing documents identify all monies owed to UHH as its assets. Participant and Plaintiff were and are fiduciaries of the Trust because they have exercised dominion and/or control over monies that constitute assets of the Trust.

30. Participant and Plaintiff breached their fiduciary duty to protect the monies that they held for the benefit of the Trust when they withheld said monies for themselves, or paid others in order to benefit themselves, the monies owed to the Trust, thereby failing to deliver to the Trust monies that they held for the Trust.

31. Participant and Plaintiff caused the Trust to sustain damages as a result of their actions which breached fiduciary duties owed to the Trust, and they should be ordered to pay $10,695.33 to the Trust out of the monies that they have sought to interplead.

**COUNTERCLAIM COUNT V**

[AGAINST PLAINTIFF ONLY - BREACH OF LAWYERS' DUTY TO DELIVER FUNDS - SCR RULE 1.15(d)]

32. UHH here restates and realleges the allegations contained in Paragraphs 1 through 31 of its Counterclaims.

33. As a licensed attorney or as a business entity that acts primarily through its attorney employees, Plaintiff, and its attorney employees, were and are required to promptly deliver to the Trust $13,300.96 out of the settlement proceeds that Plaintiff received as Participant's attorney. Applicable laws requiring Plaintiff to deliver to the Plaintiff Trust Fund the sum of $10,695.33 include SCR Rule 1.15(d) of the Nevada Rules of Professional Conduct (formerly SCR 165) ("a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive") and *Achrem v. Expressway*, 112 Nev. 737, 917 P.2d 447 (1996) ("when a client assigns rights to the proceeds of a tort action to a creditor, those proceeds no longer belong to the client").

34. Plaintiff and its attorney employees failed to meet their obligations under these rules and laws, which were designed and adopted to protect persons like UHH.

35. Plaintiff is liable to UHH in the sum of at least $10,695.33 for failure to meet said obligations.

**COUNTERCLAIM AND CROSS-CLAIM DEMAND FOR ATTORNEYS' FEES**

36. UHH here restates and realleges the allegations contained in Paragraphs 1 through 35 of its Counterclaims and Cross-Claims.

37. It has been necessary for the crossclaiming and counterclaiming Trust to engage the law firm of Christensen James & Martin to collect any and all amounts due to the Trust, as alleged herein. Pursuant to the Trust Agreement and 29 U.S.C. § 1132(g), the Court is authorized to award the Trust its reasonable attorney's fees, court costs and other costs.

**PRAYER FOR RELIEF**

WHEREFORE, UHH prays for judgment against the Counterdefendants and the Cross-Defendants, and each of them, as follows:

1. for the Court's Judgment enforcing the terms of the Plan Document in favor of UHH and against the Counterdefendant and all Cross-defendants by all available equitable means;
2. for damages for breach of contract in an amount to be proved at trial;
3. for damages for breach of fiduciary duty in an amount to be proved at trial;
4. for damages for breach of the duty of a lawyer to deliver funds to a third-party entitled to receive them;
5. for interest accrued on the amounts due, from their original due dates;
6. for the Trust's reasonable attorney's fees incurred;
7. for the Trust's costs of suit incurred herein;
8. for the Court's Order or Judgment imposing a Constructive Trust or an Equitable Lien on the monies identified herein, for the exclusive benefit of UHH;

///
///
///

9. for such additional relief as may be provided for by 29 U.S.C. § 1332(g) or other applicable laws and statutes; and

10. for such other and additional relief as the Court may deem just and proper.

DATED this 3rd day of February, 2014.

**CHRISTENSEN, JAMES & MARTIN**

By: */s/ Daryl E. Martin*
Daryl E. Martin, Esq.
7440 W. Sahara Ave.
Las Vegas, NV 89117
*Attorneys for Unite Here Health*

**CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE:    Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL:    By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the following parties at their last-known mailing addresses:

☐ OVERNIGHT COURIER:    By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

**CHRISTENSEN JAMES & MARTIN**

By:   */s/ Daryl E. Martin*
         Daryl E. Martin