1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

8
9
10

BENSON & BINGHAM, LLC,

                  Plaintiffs,

    v.

Case No. 2:14-cv-0086-APG-CWH

**ORDER DENYING MOTION TO REMAND**

11
12
13
14
15

ROBERT GRIFFITHS; CITY OF LAS VEGAS FIRE & RESCUE; UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; RAINBOW INJURY REHABILITATION, LLC; CULINARY HEALTH FUND; STARLIGHT COLLISION, LLC,

                  Defendants.

16
17
18
19

      Plaintiff has filed a Motion to Remand (Dkt. #9).  Defendant Unite Here Health ("UHH") filed an Opposition (Dkt. #11).  Plaintiff filed a Reply (Dkt. #12) which is nearly incomprehensible and which fails to address the cases relied upon in the Opposition.

20
21

      UHH's claim to the subject funds arises under section 502(a)(3) of ERISA. *See* 29 U.S.C. § 1132(a)(3).

22
23
24
25
26
27
28

      In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that the comprehensive civil remedies in § 502(a) of ERISA, 29 U.S.C. § 1132(a), completely preempt state law remedies. On the same day, the Court applied this ruling to a challenged removal, concluding that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In other words, "[c]auses of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Hull v. Fallon,* 188 F.3d 939, 942 (8th Cir.1999).

*Lyons v. Philip Morris Inc.,* 225 F.3d 909, 912 (8th Cir. 2000).  Thus, this Court has federal question jurisdiction over this matter, and removal was proper.  Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

Dated: March 11, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE